UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOE HAND PROMOTIONS, INC.
As Broadcast Licensee of the December 11, 2004
Klitschko/Williams Program,

                Plaintiff,

    — against —                        **MEMORANDUM and ORDER**

FATIMA ESTIEN, Individually and d/b/a             06-CV-3381 (SLT)(MDG)
CASA DE CAMPO RESTAURANT, and
CASA DE CAMPO RESTAURANT,

                Defendants.
-------------------------------------------------------------X

**TOWNES, United States District Judge:**

      Plaintiff, Joe Hand Promotions, Inc. ("Plaintiff"), contracted for the right to exhibit the telecast of a December 11, 2004 boxing match, including "all undercard bouts and the entire television broadcast" (collectively, the "Event") via closed-circuit television and encrypted satellite signals. Complaint ("Compl.") ¶ 15. In July 2006, plaintiff commenced this action pursuant to two sections of the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. §§ 553 and 605, alleging that defendants, Fatima Estien, individually and d/b/a Casa De Campo Restaurant, and Casa De Campo Restaurant (collectively, "Defendants"), intercepted, received, and/or de-scrambled Plaintiff's satellite signal without authorization, and exhibited the Event to patrons at the Casa De Campo Restaurant. *Id.* ¶¶ 15-24, 32-36. In addition, Plaintiff alleges that Defendants violated 47 U.S.C. § 605(e)(4) by knowingly modifying a device or utilizing equipment to decrypt a satellite cable programming or direct-to-home satellite services without authorization. *Id.* ¶¶ 26-30.

Now, Plaintiff moves for a default judgment against Defendants, only seeking relief under § 605(a).[1]  In particular, Plaintiff seeks statutory damages "up to" $10,000.00, enhanced damages "up to" $100,000.00, and costs and attorney's fees in the amount of $1,331.25.[2]  For the reasons set forth below, Plaintiff's motion is granted and judgment shall be entered in the amount of $12,121.25.

### The Consequences of Defendants' Default

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992); *see also Chen v. Jenna Lane, Inc.*, 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998).  Accordingly, by defaulting in this case, Defendants have conceded, *inter alia*, that they willfully violated 47 U.S.C. §§ 553 and 605. Compl. ¶¶ 25, 37; *see also Entertainment by J&J, Inc. v. Mama Zee Restaurant & Catering Services, Inc.*, No. CV-01-3945, 2002 WL 2022522, at *2 (E.D.N.Y. May 21,2002) (Report and Recommendation of Gold, M.J.) (finding that, with facts similarly asserted here, "plaintiff's complaint clearly establish[ed] the elements of liability required to state claims under both Section 553(a)(1) and Section 605(a).").

---

[1]  Since it appears that the Clerk of the Court has yet to note Defendants' default, this Court exercises its inherent power to enter a default pursuant to Fed. R. Civ. P. 55(a).  *See Beller & Keller v. Tyler*, 120 F.3d 21, 22 n. 1 (2d Cir. 1997).

[2]  Although Plaintiff's Notice of Motion and a section of Plaintiff's "Attorney's Affidavit of Costs and Fees" request $665.62 in costs and attorney's fees, the itemized listing of costs and attorney's fees total $1,331.25 so the Court will only consider the request supported by the itemized amounts.

Although Defendants have admitted liability under both § 605 and § 553, Plaintiff "can recover under only one statute." *Kingvision Pay-Per-View Ltd. v. Brito*, No. 05 CV 1042, 2006 WL 728408, at *1 (S.D.N.Y. Mar. 20, 2006) (Report and Recommendation of Ellis, M.J.) (citing *International Cablevision, Inc. v. Sykes*, 75 F.3d 123, 129 (2d Cir. 1996)). Plaintiff has explicitly elected to recover only under § 605(a), *see* Plaintiff's Memorandum of Law ("Plaintiff's Memo"), p. 4,[3] so this Court will determine the damages recoverable under that statute.

### Damages Under § 605(a)

Section 605(e) provides, *inter alia*, that any person aggrieved by a violation of § 605(a) can bring a civil action in district court, in which the court:

> (i) may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of . . . [§ 605(a)];
>
> (ii) may award damages as described in subparagraph (C); and
>
> (iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

47 U.S.C. § 605(e)(3)(B). Subparagraph (C) permits the recovery of either actual damages under (C)(i)(I), or statutory damages under (C)(i)(II). Plaintiff expressly requests that this Court award it statutory damages. *See* Plaintiff's Memo, p. 4.

The statutory damages provision, § 605(e)(3)(C)(i)(II), provides, in pertinent part:

---

[3] Plaintiff's Memorandum of Law does not contain page numbers so the Court will reference the pages therein according to their sequential order.

> [T]he party aggrieved may recover an award of statutory damages
> for each violation of [§ 605(a)] . . . in a sum of not less than $1,000
> or more than $10,000, as the court considers just . . . .

In addition, § 605(e)(3)(C)(ii) states:

> In any case in which the court finds that the violation was
> committed willfully and for purposes of direct or indirect
> commercial advantage or private financial gain, the court in its
> discretion may increase the award of damages, whether actual or
> statutory, by an amount of not more than $100,000 for each
> violation of [§ 605(a)] . . . .

Although § 605 provides little guidance as to how to set damages within the statutory range, "courts in this circuit have relied upon one of two methods of calculating statutory damages in cases involving the unauthorized receipt and exhibition of pay-per-view events." *Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064, 2005 WL 2476264, at *6 (E.D.N.Y. Oct. 7, 2005) (Report and Recommendation of Matsumoto, M.J.) (citing *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 489 (S.D.N.Y. 1999)). First, in cases where the exact number of patrons is unknown, courts have awarded flat sums based on what the court "considers just." *See*, *e.g.*, *Entertainment by J & J, Inc. v. Suriel*, No. 01 Civ. 11460, 2003 WL 1090268, at *1 (S.D.N.Y. Mar. 11, 2003) (awarding $11,000.00 in statutory damages); *Home Box Office v. Champs of New Haven, Inc.*, 837 F. Supp. 480, 484 (D. Conn. 1993) (awarding $10,000.00 in statutory damages).

Second, "[i]n cases where there is uncontradicted evidence of the number of patrons viewing the match in the establishment, courts have . . . multiplied the number of patrons by a set sum," and have awarded that amount "plus any cover charges or other profits attributable to the unauthorized viewing." *Morales*, 2005 WL 2476264, at *6. Although the "set sum" varies widely, with some courts awarding as little as $20.00, *see Time Warner Cable v. Sanchez*, No. 02 Civ. 5855, 2003 WL 21744089, at *4 (S.D.N.Y. July 8, 2003), and some courts awarding as

much as $300.00, *see Garden City Boxing Club, Inc. v. Salcedo*, No. 04 Civ. 5027, 2005 WL 2898233, at *2 (S.D.N.Y. Nov. 3, 2005), many courts have found $50.00 to be the appropriate amount. *See*, *e.g.*, *Mama Zee Rest.*, 2002 WL 2022522, at *3; *Googies Luncheonette, Inc.*, 77 F. Supp. 2d at 490; *Time Warner Cable v. Taco Rapido Rest.*, 988 F. Supp. 107, 111 (E.D.N.Y. 1997); *Cablevision Sys. Corp. v. 45 Midland Enter., Inc.*, 858 F. Supp. 42, 45 (S.D.N.Y. 1994).

Plaintiff urges this Court to award either $1,750.00, based on $50.00 multiplied by the estimated capacity of the Casa De Campo Restaurant (*i.e.*, 35 persons), or $1,025.00, the applicable licensing fee. However, the licensing fee that Plaintiff suggests would be applicable here is entirely unsupported by the Complaint or any evidence submitted in connection with the motion for a default judgment. As such, the Court refuses to award an amount based on the unsubstantiated licensing fee.

Plaintiff does provide support for its alternative method of calculating its statutory damages – $50.00 multiplied by the estimated capacity. *See* Affidavit of Craig Carita, sworn to December 11, 2004 ("Carita Aff."), annexed to the Affidavit of Julie C. Lonstein, Esq. (entitled, Attorney's Affidavit of Costs and Fees), sworn to November 21, 2006 ("Lonstein Aff."), as Exh. B. Rather than relying upon the number of actual patrons at the Casa De Campo Restaurant viewing the Event without authorization, Plaintiff argues that this Court should base the award on the establishment's capacity. *See* Plaintiff's Memo, p. 5. However, Plaintiff has misconstrued the practice of this Court in calculating an award based on the set sum of $50.00, *see Morales*, 2005 WL 2476264, at *6, and this Court declines to award Plaintiff an amount based upon the establishment's speculated capacity. *See Garden City Boxing Club, Inc. v. Puebla's Grocery, Inc.*, No. 06-CV-4735, 2007 WL 4243219, at *4 n.3 (E.D.N.Y. Nov. 29,

2007) (Report and Recommendation of Levy, M.J.) ("this analysis [is] speculative and [the Court] hold[s] the plaintiff responsible for supporting its request with evidence concerning the actual number of patrons who were present when the Event was shown.").

Instead, this Court will determine Plaintiff's award on the estimated number of patrons viewing the Event, which Plaintiff has included in its submission. In this regard, Plaintiff offers the affidavit of Mr. Carita, an "independent auditor," who personally observed twenty-one (21) people viewing the Event at approximately 12:58 p.m. Lonstein Aff., ¶ 5, Exh. B.[4] Since no evidence has been presented concerning cover charges or actual profits realized by Defendants, Plaintiff's statutory damages will be limited to the estimated number of patrons. Accordingly, Plaintiff shall recover statutory damages in the amount of $1,050.00 (*i.e.*, $50.00 multiplied by 21, the estimated number of patrons).

Plaintiff is also entitled to enhanced damages. It is beyond question that the § 605(a) violation "was committed willfully and for purposes of direct or indirect commercial advantage." 47 U.S.C. § 605(e)(3)(C)(ii). After all, "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." *Googies Luncheonette*, 77 F. Supp. 2d at 490. However, in awarding enhanced damages, courts have borne in mind that "although the amount of damages should be an adequate deterrent, [a single] violation is not so serious as to warrant putting the restaurant out of business." *Garden City Boxing Club, Inc. v. Polanco*, No. 05 Civ. 3411, 2006 WL 305458, at *5 (S.D.N.Y. Feb 7, 2006).

---

[4] The Lonstein Affidavit duplicates paragraph number "4," thereby causing the last two numbered paragraphs to be incorrectly labeled. This Court's reference to paragraph "5" is actually reference to the second paragraph "4."

Here, it is apparent that Defendants operate a small business since, according to Mr. Carita's affidavit, the establishment had only twenty-one (21) patrons at the time of his visit to the premises, and it has an estimated capacity of thirty-five (35) people.  Since whatever profits Defendants reaped from their misdeeds were likely minimal, an award of $10,000.00 in enhanced damages should more than suffice to prevent them from repeating their conduct.

***Attorneys' Fees and Costs***

Section 605(e)(3)(B)(iii) expressly provides that a court "shall direct the recovery of full costs, including reasonable attorneys' fees to an aggrieved party who prevails."  Relying on this language, courts in this Circuit have repeatedly held that "under Section 605 the award of costs and attorneys' fees is mandatory."  *Polanco*, 2006 WL 305458, at *4; *see also Morales*, 2005 WL 2476264, at *9.  However, a party seeking attorneys' fees must nonetheless "support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done."  *Morales*, 2005 WL 2476264, at *9 (internal quotations and citations omitted).

Here, Plaintiff's counsel has provided the required documentation.  In her Affidavit of Costs and Fees, Plaintiff's counsel has transcribed contemporaneous time records that substantiate her claim that she expended 3.25 hours, and her paralegal expended 1.75 hours in connection with this litigation.  Lonstein Aff. ¶ 4.  This Court has reviewed the time records and finds the total of 5.0 hours spent on this case to be entirely reasonable.  In addition, although Plaintiff's counsel has not attached a copy of her curriculum vitae, this Court is familiar with Ms. Lonstein's experience in this type of litigation.  *See, e.g., Garden City Boxing Club, Inc. v.*

*Batista*, No. 05-CV-1044, 2007 WL 4276836, at *8 (E.D.N.Y. Nov. 30, 2007) (Report and

Recommendation of Go, M.J.) (citing the numerous cases in which Ms. Lonstein has appeared

in, in this district); *Joe Hand Promotions, Inc. v. El Norteno Restaurant Corp.*, No. 06 CV 1878,

2007 WL 2891016, at *5 (E.D.N.Y. Sept. 28, 2007) (Report and Recommendation of Azrack,

M.J.). Although Plaintiff's counsel's fee of $200.00 per hour is justified, given her

qualifications, and this hourly rate is within the range awarded in this district, *see Commission

Express Nat'l, Inc. v. Rikhy*, No. CV-03-4050, 2006 WL 385323, at *6 (E.D.N.Y. Feb. 17, 2006),

this Court is confounded by her failure to adequately prepare this motion, including the claim for

attorney's fees.[5] As a result of this less than adequate effort, Ms. Lonstein's fees are reduced by

40% to $390.00, *see Batista*, 2007 WL 4276836, at *8, and Plaintiff is awarded attorney's fees,

including paralegal fees, in the amount of $521.25.

Plaintiff also seeks to recover the costs it has expended during this litigation, comprising

of $350.00 in filing fees and $200.00 for service of process, for a total of $550.00. These costs

are reasonable. *See El Norteno Restaurant Corp.*, 2007 WL 2891016, at *5. Accordingly,

Plaintiff is awarded attorney's fees and costs, totaling $1,071.25.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment is granted.

Defendants Fatima Estien, individually and d/b/a Casa De Campo Restaurant, and Casa De

Campo Restaurant shall be jointly and severally liable to Plaintiff for $1,050.00 in statutory

damages pursuant to § 605(e)(3)(C)(i)(II); $10,000.00 in enhanced damages pursuant to

---

[5] In addition to failing to provide much evidence regarding her professional background to support her $200.00 fee, Ms. Lonstein also initially filed a defective affidavit in support of the motion for a default judgment. *See* Docket No. 12. Although she later submitted a revised version of the same affidavit, with the deficiency corrected, the affidavit continues to include several errors. *See* Docket No. 14. Since Ms. Lonstein maintains a vibrant practice in this Court, she is admonished to more diligently review documents before filing them with this Court.

§ 605(e)(3)(C)(ii); and $1,071.25 in attorney's fees and costs.  Accordingly, the Clerk of Court is directed to enter judgment in favor of Plaintiff in the total amount of $12,121.25.

      SO ORDERED.

Dated: Brooklyn, New York
      December 27, 2007

_Sandra L. Townes_
SANDRA L. TOWNES
United States District Judge